# THE MAYOR AND CITY COUNCIL OF BALTIMORE,
### A Body Corporate,

*vs.*

## KATIE HEALEY.

*Municipal corporations: obstructions on sidewalks; liability for—; evidence; presumptive.*

A plaintiff was injured by falling at night over some boards placed against a pile of conduits that were on a sidewalk in Baltimore City; the boards were of a character exactly similar to those that were used as sheathing in digging trenches for such conduits a few squares distant from the place of injury: It was proved that it was customary, in constructing such work, for materials to be deposited in advance of the work along the line it was to follow: *Held,* this justified the inference that the sheathing boards, as well as the conduits, were the property of the City, placed there by the City or its employees, and that on such testimony the refusal of the Court to direct a verdict in favor of the City was correct.          p. 392

*Decided November 14th, 1917.*

Appeal from the Court of Common Pleas of Baltimore City. (SOPER, C. J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Edward J. Colgan, Assistant City Solicitor,* (with whom was *S. S. Field, the City Solicitor,* on the brief), for the appellant.

*Philip Sachs* (with whom were *Harry B. Wolf* and *Brodie & Sachs* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The only question to be determined on this appeal is raised by an exception to the refusal of the trial Court to direct a verdict for the defendant municipality on the ground that the evidence in the case was legally insufficient to entitle the plaintiff to recover.

The suit was for damages on account of an injury sustained by the plaintiff in falling at night over some sheathing boards, lying beside a lot of conduit pipes on the southern sidewalk of Barney street, near its intersection with Light street, in the City of Baltimore. About one-half of the width of the sidewalk was occupied by the materials just mentioned. The pipes were stacked to a height of five feet or more, for a distance of about ten feet along the curb, and extended three feet upon the sidewalk. There were about six of the sheathing boards, each being a foot wide, one and a half or two inches thick, and from six to eight feet long, and they were piled along the inner side of the stack of conduit pipes. It was testified that there was no warning light on the pipes or boards at the time of the accident. The street light at the nearest corner was sufficient to disclose the presence of the conduit pipes, but it did not reveal the low pile of boards lying in the dark shadow which the conduits cast on the pavement. Under such conditions the boards were undoubtedly a source of danger at night to pedestrians using due care. There is no question of contributory negligence in the case. The contention is that there is no evidence legally sufficient to warrant the inference that the boards over which the plaintiff fell were deposited at the place of the accident by the City's employees, or that the City had notice of the obstruction in

time to remove it or render it safe before the plaintiff was injured.

It was proven that the boards referred to were of the kind used by the City in a trench which it was opening southwardly on Light street for the installation of a line of electrical conduit pipes, that the work had progressed to within half a block of Barney street, and was to be continued beyond that thoroughfare, that it is customary in the course of such operations to deposit materials in advance of the work along the line it is to follow, and that the conduits stacked on Barney street belonged to the City and were hauled to that point by its trucks. This evidence clearly justified the inference that the trench sheathing boards piled beside the conduits were likewise the property of the City and were placed by its employees in the dangerous position described.

In the recent case of *Baltimore* v. *Leonard,* 129 Md. 621, a pedestrian on one of the City streets was injured by a fall caused by an iron stake projecting about six inches above the level of the pavement and apparently intended for use in establishing lines for the work, then in progress, of recurbing and regrading the street. There was no direct proof that the stake was driven by the employees of the contractor in charge of the work, but in view of the strong presumption of that fact arising from the circumstances proven, it was held that positive testimony as to the identity or status of the person who drove the stake was not necessary to entitle the plaintiff to have the case submitted to the jury. Upon the same theory we hold that the refusal of the trial Court in the present case to direct a verdict for the defendant on the ground relied upon was entirely proper.

*Judgment affirmed, with costs.*